IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Unula Boo-Shawn Abebe, #84613, | C. A. No. 2:06-0653-MBS-RSC |
| Plaintiff, | |
| -versus- | **REPORT AND RECOMMENDATION** |
| Ronaldo Myers; Captain Bowman; Lieutenant Fogal, Sergeant Watson; Sergeant Bufford; Sergeant Jarvis; and Officer Goldwire, | |
| Defendants. | |

This civil rights action under 42 U.S.C. § 1983[1] brought by a former pretrial detainee now a prisoner proceeding <u>pro se</u> and <u>in forma pauperis</u>, is before the undersigned United States Magistrate Judge for pretrial supervision. 28 U.S.C. § 636(b).

The plaintiff, denominated "Unula Boo-Shawn Abebe", brought this action on March 17, 2006, against Ronaldo Myers, Captain Bowman, Lieutenant Fogal, Sergeant Watson, Sergeant Bufford,

---

[1] Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of Section 1983, titled a civil action for deprivation of rights reads in relevant portion: the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.
42 U.S.C. § 1983.

1

Sergeant Jarvis, and Officer Goldwire, all of whom are employees of the Alvin S. Glenn Detention Center in Richland County, South Carolina. In this action Plaintiff complains that he was twice placed in administrative segregation without a disciplinary hearing, allegedly in violation to his due process rights and equal protection rights. He seeks unspecified damages.

All seven (7) defendants were served by the United States Marshal's Service and all filed answers to the complaint through their attorneys. The defendants filed their lengthy motion for summary judgment with sixty-eight (68) pages of exhibits on September 8, 2006, and filed the sworn affidavits of William Bowman, Curtis Bufford, John Fogel, and Paul Jarvis. The defendants raised qualified immunity, failure to exhaust administrative remedies, and a plethora of other grounds to support judgment in their favor.

The plaintiff was provided a copy of the motion and was given an explanation of dismissal and summary judgment procedure as well as pertinent extracts from Rules 12 and 56 of the Federal Rules of Civil Procedure similar to that required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). Plaintiff was informed of the importance of responding appropriately to the motion and was warned that if he did not respond the summary judgment motion judgment for the defendants could be granted and the action ended. The plaintiff did not respond to the summary judgment

motion or the Roseboro order within the thirty four (34) day limit so on October 13, 2006, the plaintiff was ordered by the court to respond to the motion within ten(10) days or risk having his suit dismissed. Plaintiff did not respond. Instead he moved for an extension of time on October 23, 2006. That motion was granted and Plaintiff was given until November 10, 2006, to oppose the defendants' motion. Plaintiff did not respond. On November 21, 2006, Plaintiff again moved the court for an extension of time to file an opposition to defendants' summary judgment motion. Plaintiff also filed his own motion for summary judgment that day, which the defendants opposed on December 11, 2006. Plaintiff has never filed an opposition to the defendants' motion.

Next, although Plaintiff under penalty of perjury represented to the court in his complaint that he had never begun other lawsuits dealing with the same facts involved in this action or otherwise related to his imprisonment, a check of the court's records reveal that he had indeed done so. Plaintiff, proceeding in forma pauperis as here, brought an identical §1983 action on February 25, 2006, against the Alvin S. Glenn Detention Center and defendant Meyers. In that case, Plaintiff failed to comply with the February 27, 2006, order of the Honorable Brucie Hendricks, United States Magistrate Judge, that he bring his complaint into proper form and that, if he did not, the case

could be dismissed.  Judge Hendricks issued a second proper form order on March 17, 2006, which again warned the plaintiff that if he did not bring his action into proper form, the action would be dismissed.  Plaintiff then filed the instant action on March 17, 2006.  Plaintiff did not obey either of Judge Hendricks' orders and, as a result, the action was dismissed without prejudice by the Honorable Henry F. Floyd, United States District Judge, on April 14, 2006.  C/A 8:06-CV-445-HFF-BHH.

In C/A 8:06-CV-445, Plaintiff brought the action as "Shawn U. Adeve" and swore under oath that that was his name.  In the instant action he brought the action as "Unula Boo-Shawn Abebe, #84613" and swore under oath that that was his name.  According to the affidavit of William M. Bowman, Division Manager of Operations and custodian of records at the ASGDC, the plaintiff in the instant action is, in fact, Shawn Unula Adeve, #84613, and that the name he used in the instant action, Unula Boo-Shawn Abebe, is a name Shawn Unula Adeve uses as his alias.  However, in his unverified memo in support of his summary judgement motion, Plaintiff indicated that he "was being wrongfully held in the county jail under someone else's name... ."  He then argued, "[b]y the defendant submitting false information in his [Bowman's] Affidavit... the defendants acted in bad faith", and urged the court "to take appropriate action" against the defendants for their misrepresentation.

4

On February 22, 2007, the plaintiff[2] was ordered to inform the court within thirty (30) days whether he was a pretrial detainee or a convicted prisoner at the times relevant to his suit and to provide the court with his affidavit executed under penalty of perjury which indicates whether or not he filed civil action number 8:06-cv-00445-HFF-BHH in this court. Plaintiff responded late on March 26, 2007, and affied that he did in fact file the prior action as "Shawn U. Adeve" and affied that "Shawn U. Adeve" was "his alias" but that his real name is Unula Boo-Shawn Abebe. As noted, he had also represented to the court that the other name, "Shawn U. Adeve", was "someone else's name".

He did not explain why he denied having brought another suit dealing with the same facts involved in this action. As a result of that misrepresentation, this action was assigned by the clerk to the undersigned and Judge Seymour instead of to Judge Hendricks and Judge Floyd, as it should have been under the procedures used in the district to assign to judges incoming associated cases.

Plaintiff did indicate that he chose not to follow Judge Hendricks' order to bring the prior case into proper form. He wrote that he knew that C/A 8:06-CV-445-HFF-BHH would be dismissed without prejudice if he did not obey her order and

---

[2] The defendants were also ordered to provide the court with information about Plaintiff's status at the detention center and they timely responded.

5

bring his case into proper form and that he "let case be dismissed without prejudice." As a result, he brought another action under a different name on the same facts, but this time he named six (6) additional defendants.

## DISMISSAL AS A SANCTION

The Federal Rules of Civil Procedure recognize that courts must have the authority to control litigation before them, and this authority includes the power to order dismissal of an action for failure to comply with court orders. Federal Rule of Civil Procedure 41(b) allows a court to dismiss a action for failure of the plaintiff to prosecute the action or for the plaintiff's failure to comply with court orders regarding the litigation. The test for dismissal pursuant to Rule 41(b) requires the court to consider (1) the degree of the plaintiff's personal responsibility for the failures; (2) the amount of prejudice caused to the defendant; (3) the existence of a history of the plaintiff deliberately proceeding in a dilatory fashion; and (4) the availability of a less drastic sanction. Chandler Leasing Corp. v. Lopez, 669 F.2d 919, 920 (4th Cir. 1982); Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989).

Nonetheless, the four factors discussed in Chandler are not a rigid four-prong test. Rather, the propriety of a dismissal depends on the particular circumstances of the case. Id. Before a dismissal a court must give a plaintiff a "clear and explicit"

6

warning of the consequences of failing to satisfy the court's conditions and orders. See Id.; Choice Hotels Int'l, Inc. v. Goodwin and Boone, 11 F.3d 469, 472 (4th Cir. 1993). The Fourth Circuit also has reminded the courts that dismissal as a sanction is an extreme remedy to be used only when a party has displayed callous disregard to its obligations or exhibited very bad faith. See Id.

Lastly, a pro se litigant is not completely protected from sanctions simply because he lacks counsel. See, e.g., Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989) (holding that dismissal was appropriate where a pro se litigant was explicitly warned about failure to comply with a court order).

## DISCUSSION

A review of the record and relevant case law reveals that this action should be dismissed with prejudice as an appropriate and necessary sanction in light of the plaintiff's actions.

Plaintiff was either misstating his name under penalty of perjury and misleading the court in his first or in his second actions, or perhaps both cases. Ironically, at the same time he urged the court to "take appropriate action" against the defendants for submitting an affidavit that said Shawn Unula Adeve, #84613, and Unula Boo-Shawn Abebe were the same person. He misrepresented, again under penalty of perjury, that he had not brought another action dealing with the matter of which he

7

complained in his second action. The court and the clerk were misled because they had no reason to disbelieve his sworn representations. As a result the plaintiff managed to frustrate the court's procedures and the matter here was assigned as an unassociated case to judges different from the first case. Further, he is proceeding *in forma pauperis* here as well as in his prior case. Therefore, all the court's efforts to have him comply with court orders and to have the actions proceed in a fair and orderly manner, as well as the court's explicit warnings that failure to do so could result in dismissal of his actions and the court's efforts to ascertain the truth in the face of his misrepresentations have all been at taxpayer's expense. This case has been ongoing for over a year and the defendants naturally have incurred litigation costs which will ultimately be borne again by the taxpayer.

    Plaintiff is proceeding *pro se*; he alone is responsible for his conduct. The first test of *Ballard* is met. The seven defendants have been greatly prejudiced by incurring expenses in vigorously defending the action and the plaintiff's refusal to obey court orders and his willful misrepresentations have prevented them from clearing their names for over a year. The second *Ballard* test is met. Plaintiff has deliberately proceeded in a prolonged dialtory fashion over the course of two law suits so the third *Ballard* test is met. Lastly, Plaintiff has twice

represented that he is indigent so a lesser sanction of a monetary fine is not possible. It appears dismissal is the only appropriate sanction available. The fourth <u>Ballard</u> test is met.

In sum, this plaintiff, whatever his name is, has displayed callous disregard to his obligations and has exhibited very bad faith, so that dismissal of the action is warranted.

## CONCLUSION

Based on the foregoing, it appears that this action should be dismissed for Plaintiff's willful failure to obey court orders during his extensive litigation activities and for his making false and misleading representations to the court under penalty of perjury, because any other course would place the credibility of the court in doubt and would invite further abuse.

Respectfully submitted,

*[signature: Robert S. Carr]*

Robert S. Carr
United States Magistrate Judge

Charleston, South Carolina

March 29, 2007

9

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).