IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Unula Boo-Shawn Abebe, #84613, ) | |
| ) | C/A No.: 1:06-0653-MBS |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **O R D E R** |
| Ronaldo Myers; Captain Bowman; ) | |
| Lieutenant Fogal; Sergeant Watson; ) | |
| Sergeant Bufford; Sergeant Jarvis; and ) | |
| Officer Goldwire, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff Unula Boo-Shawn Abebe, proceeding pro se, brings this action pursuant to 42 U.S.C. § 1983. At the time of the underlying events, Plaintiff was a pretrial detainee in custody of the South Carolina Department of Corrections (SCDC) housed at Alvin S. Glenn Detention Center in Columbia, South Carolina. Plaintiff asserts that his constitutional rights were violated in various respects.

This matter is before the court on Defendants' motion for summary judgment, which motion was filed September 5, 2006. By order filed September 8, 2006, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Plaintiff was advised of the applicable procedures and the possible consequences if he failed to respond adequately. Plaintiff filed no response to Defendants' motion. Plaintiff filed a motion for summary judgment on November 21, 2006, to which Defendants filed a memorandum in opposition on December 11, 2006.

In accordance with 28 U.S.C. § 636(b), this matter was referred to United States Magistrate Judge Robert S. Carr for pretrial handling. On March 29, 2007, the Magistrate Judge filed a Report

and Recommendation in which he recommended that the case be dismissed pursuant to Fed. R. Civ. P. 41(b). The Magistrate Judge noted that Plaintiff represented to the court under penalty of perjury that the allegations of the complaint had never been asserted in a separate action. However, a review of the court's records reveals that Plaintiff's claims were asserted in a prior action filed February 25, 2006. See Adeve v. Alvin S. Glenn Detention Center, C/A No. 8:06-0445-HFF. The prior case was dismissed on April 14, 2006 after Plaintiff failed to bring his case into proper form. Significantly, the prior case was brought in Plaintiff's correct name, Shawn U. Adeve. According to information obtained by the Magistrate Judge, the name "Unula Boo-Shawn Abebe" is a name Adeve uses as an alias. Thus it appears that Plaintiff utilized a false name to prosecute the within action after the prior case was dismissed. Based on Plaintiff's misrepresentations to the court, the Magistrate Judge recommended that the complaint be dismissed pursuant to Fed. R. Civ. P. 41(b) as a sanction for Plaintiff's misconduct. Plaintiff filed no objection to the Report and Recommendation.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of objections to the Report, this court is not required to give any explanation for adopting the recommendation. Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

The court has thoroughly reviewed the record. The court concurs in the Report and Recommendation and incorporates it herein by reference. The case is dismissed with prejudice

pursuant to Fed R. Civ. P. 41(b).

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
United States District Judge

May 7, 2007

Columbia, South Carolina

**NOTICE OF RIGHT TO APPEAL**

**Plaintiff is hereby notified that he has the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**